# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENITO PALMARINI AND BERNADETTE PALMARINI,** <br> **Plaintiffs,** <br><br> v. <br><br> **INTERNAL REVENUE SERVICE,** <br> **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 17-3430** |

## MEMORANDUM OPINION

Pro se Plaintiffs Benito Palmarini and Bernadette Palmarini bring suit against the Internal Revenue Service ("IRS") for failure to comply with a Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, ("FOIA"), request related to Plaintiffs' 2013 and 2014 tax audits. More specifically, they submitted a FOIA request to the IRS in May 2017, seeking information pertaining to those audits. While the IRS has produced several thousand pages of responsive documents, it has withheld several hundred under various exemptions. The IRS now moves for summary judgment on the grounds that it has provided all non-exempt, non-duplicative responsive records. For the reasons that follow, the motion is granted in part and denied in part.

### I. LEGAL STANDARDS

Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989). Materiality of facts is determined by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute "exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *U.S. ex rel. Greenfield v. Medco Health Solutions, Inc.*, 880 F.3d 89, 93 (3d Cir. 2018) (internal quotation marks omitted). "[A]ll reasonable inferences" must be drawn in

the non-moving party's favor. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).[1]

## II. DISCUSSION

FOIA requires government agencies to make their records available to the public upon request. 5 U.S.C. § 552. "Under the FOIA, an agency has a duty to conduct a reasonable search for responsive records." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007). Agencies are then required to produce responsive records, unless the records may be withheld pursuant to a FOIA exemption. 5 U.S.C. § 552(b).

The court reviews all agency exemptions de novo, and the burden is on the agency to justify its decision to withhold the requested material. *Id.* at § 552(a)(4)(B). "The agency may meet this burden by filing affidavits describing the material withheld and detailing why it fits within the claimed exemption." *McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993). In addition to reviewing affidavits produced by the agency, the court "enjoy[s] the discretion to employ in camera procedures," and "the FOIA explicitly contemplates in camera review in the exemption context." *Am. Civil Liberties Union of N.J. v. F.B.I.*, 733 F.3d 526, 534 (3d Cir. 2013) (citing 5 U.S.C. § 552(a)(4)(B)). Summary judgment may be granted on the basis of agency declarations if they are specific and detailed, and if there is no contradictory evidence on the record or evidence of agency bad faith. *See Manna v. U.S. Dep't of Just.*, 51 F.3d 1158, 1162-64 (3d Cir. 1995).

The adequacy of the IRS's search and the basis for each exemption are examined in turn.

### A. Adequacy of Search

To determine whether the agency has conducted reasonable search for responsive

---

[1] Plaintiffs' response to the IRS's summary judgment motion was a mere two paragraphs in length. However, because Plaintiffs are *pro se*, their filings must be construed liberally, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), and the Court must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name," *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999).

records, "[t]he relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Abdelfattah*, 488 F.3d at 182 (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). "To demonstrate the adequacy of its search, the agency should provide a 'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials were searched.'" *Id.* (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)) (ellipses omitted).

In this case, the IRS has presented sufficient evidence of an adequate search. By affidavit, two IRS officials described their analysis of Plaintiffs' FOIA request, their determination that the information sought would be in Plaintiffs' administrative files, which were held by the IRS Office of Appeals following Plaintiffs' Tax Court case. The administrative files contained 6,326 pages of records. This corpus of records was reviewed and partially released to Plaintiffs in 2018. Specifically, 4,666 pages were released to Plaintiffs in full; 594 were withheld in part pursuant to statutory exemptions; 136 were withheld in full pursuant to statutory exemptions; 864 were withheld as duplicate pages; and 66 were withheld as nonresponsive. Because these efforts are reasonably targeted at collecting the tax audit information requested by Plaintiffs, these affidavits are sufficient to establish that the search "was adequate and reasonably calculated to uncover all relevant documents." *Id.* (internal quotation marks omitted). Furthermore, Plaintiffs, for their part, do not challenge the adequacy of the search. Accordingly, the IRS has demonstrated that it conducted an adequate search.[2]

---

[2] The IRS also determined that certain categories of information sought by Plaintiffs were invalid, as they required the IRS to create new documents. Specifically, Plaintiffs requested that the IRS compile lists of individuals, agencies and information detailing its investigative efforts regarding Plaintiffs' 2013-2014 income taxes. Plaintiffs do not contest that the IRS had no obligation under FOIA to create these lists. Nor could they: FOIA "does not obligate agencies to create or retain documents, it only obligates them to provide access to those which it in fact has created and retained." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 151 (1980).

### B. Documents Withheld Pursuant to Exemption

Plaintiffs do, however, dispute the IRS's assertion that the documents were properly withheld pursuant to 5 U.S.C. § 552(b)(3)-(7). Accordingly, the Court ordered the IRS to file the withheld documents under seal for in camera review. In light of that review, the Court now considers the IRS's motion for summary judgment.

#### i. 5 U.S.C. § 552(b)(3)

Section 552(b)(3) of FOIA ("Exemption 3") protects "from disclosure documents that are 'specifically exempted . . . by statute.'" *Leonard v. U.S. Dep't of Treasury I.R.S.*, 590 F. App'x 141, 143-44 (3d Cir. 2014) (quoting 5 U.S.C. § 552(b)(3)). Defendants have withheld documents pursuant to Exemption 3, citing 26 U.S.C. § 6103(a)-(b), (e)(7), which "is an exempting statute within the meaning of FOIA Exemption b(3)." *Leonard*, 590 F. App'x at 144. "[T]hus, records protected under § 6103 are exempt from disclosure." *Id.*

Section 6103(a)-(b) protects taxpayer return information, including the taxpayer's identity, tax withheld, mailing address, and taxpayer identification number. The IRS argues that six documents contain third parties' taxpayer return information. Though the description of the material in the IRS's affidavits is sparse, in camera review verified that the material included names, contact information, wages, amount paid and owed, and return status of various taxpayers. Because this material comes within Section 6103(a)-(b)'s definition of "taxpayer return information," it was properly withheld.

Separately, Exemption 3 and Section 6103(e)(7) protect from disclosure taxpayer return information that "would 'seriously impair Federal tax administration.'" *Shannahan v. I.R.S.*, 672 F.3d 1142, 1149 (9th Cir. 2012) (quoting 26 U.S.C. § 6103(e)(7)). The IRS withheld

4

approximately 70 documents in whole or in part pursuant to these sections.[3] In many instances, the IRS withheld Discriminant Index Function ("DIF") scores, which the IRS uses to rank and assess tax returns for increased review. In the remaining instances, the IRS withheld material related to Plaintiffs' tax audits, which remained pending at least through the fall of 2018. This material reflected investigative strategies in Plaintiffs' case, including information regarding the scope, nature, and direction of the IRS investigation. Disclosure of the DIF scores and information regarding investigation of Plaintiffs' filings would "seriously impair Federal tax administration," 26 U.S.C. § 6103(e)(7), by providing insight into the IRS's investigative techniques and priorities, thereby aiding Plaintiffs and others to manipulate their filings to minimize the likelihood of being audited. *See Wishart v. Comm'r*, 1998 WL 667638, at *6 (N.D. Cal. Aug. 6, 1998), *aff'd*, 199 F.3d 1334 (9th Cir. 1999) (holding DIF scores and other materials compiled during investigation properly withheld pursuant to Section 6103(e)(7)); *see also Shannahan v. I.R.S.*, 2009 WL 4051080, at *5 (W.D. Wash. Sept. 3, 2009) (same). Accordingly, the IRS has met its burden to establish that the material was properly withheld pursuant to Exemption 3.

### ii. 5 U.S.C. § 552(b)(4)

Section 552(b)(4) ("Exemption 4") "protects from disclosure information which is (a) commercial or financial, and (b) obtained from a person, and (c) confidential or privileged." *Landfair v. U.S. Dep't of Army*, 645 F. Supp. 325, 327-28 (D.D.C. 1986). The IRS has applied this exemption to withhold the bank account numbers of various entities. This is a proper usage of Exemption 4. *See, e.g.*, *Fox News Network, LLC v. U.S. Dep't of Treasury*, 739 F. Supp. 2d 515, 564-65 (S.D.N.Y. 2010) (holding that bank account information was properly withheld

---

[3] For each document withheld pursuant to these sections, the IRS also cited 5 U.S.C. § 552(b)(7), which protects law enforcement related materials, as a basis for withholding.

pursuant to Exemption 4). Thus here too the IRS has met its burden to establish that it properly withheld certain information pursuant to Exemption 4.

### iii. 5 U.S.C. § 552(b)(5)

Section 552(b)(5) ("Exemption 5") protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." Exemption 5 encompasses the traditional discovery privileges, and thus "safeguard[s] materials protected under the attorney-client privilege, the attorney work-product privilege, and the executive (or agency) deliberative process privilege." *Coastal States Gas Corp. v. Dep't of Energy*, 644 F.2d 969, 977 n.35 (3d Cir. 1981). The IRS withheld approximately 30 documents in whole or in part pursuant to this exemption, citing deliberative process and attorney client privileges.

"[T]he deliberative process privilege . . . protects agency documents that are both predecisional and deliberative." *Abdelfattah*, 488 F.3d at 183 (internal quotation marks omitted). Exemption 5 deliberative process privilege encompasses "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (internal quotation marks omitted). Here, withheld records reflect the IRS's consideration of potential enforcement actions against Plaintiffs, including its analysis of Plaintiffs' tax filings and assessment of whether certain IRS actions could be justified. This is a proper usage of the deliberative process privilege. *See Klamath Water*, 532 U.S. at 8-9. Accordingly, the IRS has met its burden to demonstrate that the material was properly withheld pursuant to the deliberative process privilege.

"The attorney-client privilege protects communications between attorneys and clients

6

from compelled disclosure." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007), *as amended* (Oct. 12, 2007). As a general matter, the privilege "applies to any communication that satisfies the following elements: it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Id.* "In the governmental context, the 'client' may be the agency and the attorney may be an agency lawyer." *In re Lindsey*, 158 F.3d 1263, 1268 (D.C. Cir. 1998). Here, several documents were withheld pursuant to both the deliberative process privilege and the attorney-client privilege; as discussed above, the withholding was justified under the deliberative process privilege. Two documents were withheld in part pursuant to only the attorney-client privilege. This material reflected legal advice from the IRS Office of the Chief Counsel to IRS Technical Services regarding a proposed notice of deficiency in Plaintiffs' tax audit. This is a proper invocation of attorney-client privilege. *See, e.g.*, *Direct Response Consulting Serv. v. I.R.S.*, 1995 WL 623282, at *3 (D.D.C. Aug. 21, 1995). Thus the IRS has again met its burden.

### iv. 5 U.S.C. § 552(b)(6)

Section 552(b)(6) ("Exemption 6") protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." "[T]he term 'similar files' is construed broadly and not limited to those files that contain intimate details or highly personal information." *Berger v. I.R.S.*, 288 F. App'x 829, 832 (3d Cir. 2008) (citing *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982)). "Rather, the exemption is intended to cover records that can be 'identified as applying to that individual.'" *Id.* (quoting *Wash. Post Co.* 456 U.S. at 602). "To determine whether the exemption applies, courts balance the public interest in disclosure against the privacy interest

7

protected by the exemption." *Id.* (citing *Sheet Metal Workers Int'l Assn., Local Union No. 19 v. U.S. Dep't of Veterans Affairs*, 135 F.3d 891, 897 (3d Cir. 1998)). "When balancing the privacy interest against the public interest in disclosure, the only relevant public interest is the extent to which disclosure would 'serve the core purpose of the FOIA,' which is 'contributing significantly to public understanding of the operations or activities of the government.'" *Id.* (quoting *Sheet Metal Workers Int'l*, 135 F.3d at 897).

The IRS withheld approximately 600 documents in whole or in part pursuant to Exemption 6. The IRS invoked this exemption to withhold LexisNexis reports on individuals identified as associated with Plaintiffs, an evaluation of an IRS agent working on Plaintiffs' case, and third party individuals' personal information, such as bank account numbers, social security numbers, and dates of birth. The Third Circuit has considered similar information, and held that it "implicates more than de minimis privacy interests," and is properly withheld in the absence of a countervailing interest. *Wadhwa v. Sec'y United States Dep't of Veterans Affairs*, 707 F. App'x 61, 64 (3d Cir. 2017) (citing *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)). Plaintiffs, for their part, do not assert that this information would "contribut[e] significantly to public understanding of the operations or activities of the government.'" *Berger*, 288 F. App'x at 832 (quoting *Sheet Metal Workers Int'l*, 135 F.3d at 897). Nor is it apparent how this information might serve that goal. As a result, the IRS has met its burden in demonstrating that the information was properly withheld.

### v. 5 U.S.C. § 552(b)(7)

As relevant here, FOIA's seventh exemption, Section 552(b)(7) ("Exemption 7"), protects from disclosure certain "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information---

8

(A) could reasonably be expected to interfere with enforcement proceedings . . . [or] (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The IRS withheld approximately 80 documents in whole or in part pursuant to Exemption 7.

All but two of these documents were properly withheld pursuant to Exemption 3 and 26 U.S.C. § 6103(e)(7), and there is no need to consider whether Exemption 7 also applies. The two documents that were withheld exclusively under Exemption 7 are (1) a checklist form that indicates why Plaintiffs were selected for examination and includes other grounds that the IRS uses to assess compliance (document 946); and, (2) the password for a disk from a financial institution (document 2955). As to the checklist, the IRS has provided an adequate "explanation of what procedures are involved and how they would be disclosed" by explaining that the checklist contains information on the IRS's enforcement processes and priorities, and thus its disclosure may enable tax dodgers to avoid detection. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1102 (D.C. Cir. 2014). As to the password, the IRS cites Exemption 7(E) as the basis for withholding, without explaining how the password, used by a financial institution, relates to the law enforcement techniques, procedures and guidelines protected by that provision. Accordingly, the IRS has not met its burden of demonstrating that document 2955 is properly withheld pursuant to Exemption 7(E), and must produce this document to Plaintiffs.

### III. CONCLUSION

The IRS has established that its withholdings were proper, with the exception of document 2955. Accordingly, summary judgment in favor of the IRS shall be denied as to

document 2955 and granted as to the remaining documents.

An appropriate order follows.

**March 29, 2019**　　　　　　　　　　　**BY THE COURT:**


**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**